UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| SHANI RAPP | ) | |
| | ) | *Electronically Filed* |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Case No. **3:21-cv-00700-GNS** |
| | ) | |
| ABTB LOUISVILLE LLC | ) | |
| D/B/A TACO BELL | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441, Defendant ABTB Louisville LLC ("ABTB" or "Defendant"), by and through undersigned counsel, hereby removes Case No. 21-CI-005859, *Shani Rapp v. ABTB Louisville LLC D/B/A Taco Bell et al.*, an action filed in the Jefferson Circuit Court in the Commonwealth of Kentucky (the "State Court Action"), to the United States District Court for the Western District of Kentucky. ABTB removes the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441, on the factual and legal grounds discussed below.

**I.    PLEADINGS AND PROCESS**

1.    On or about October 18, 2021, the above-captioned action was commenced in the Jefferson Circuit Court in the Commonwealth of Kentucky, entitled *Shani Rapp v. ABTB Louisville LLC D/B/A Taco Bell et al.*, and assigned Case No. 21-CI-005859 ("Complaint").

2.    On or about October 22, 2021, ABTB was served with a Summons and the Complaint. A copy of the Complaint, Summons, and all process, pleadings, and orders served upon ABTB are attached as Exhibit A in accordance with 28 U.S.C. § 1446(a). Therefore, this removal is timely pursuant to 28 U.S.C. §1446(b), having been made and filed within thirty (30)

days of Defendant's receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

3. On November 11, 2021, ABTB filed its Answer to Plaintiff's Complaint with the Jefferson Circuit Court. A copy of ABTB's Answer is attached as Exhibit B.

4. In her Complaint, Plaintiff also named as a defendant Harvona Ould Mahfodh ("Mr. Mahfodh"). However, Mr. Mahfodh has not been served with the Complaint. Rather, the Complaint was sent via certified mail addressed to Mr. Mahfodh at ABTB's Bashford Manor Taco Bell location on October 23, 2021. (Affidavit of James Vonderhaar, attached as Exhibit C, at ¶ 8.) Mr. Mahfodh was not present at the Taco Bell that day and did not accept or sign for the certified mail delivery. (*Id.* at ¶¶ 6, 9-11.) Upon information and belief, Mr. Mahfodh was in Africa when the certified mail was delivered to ABTB's Bashford Manor Taco Bell. (*Id.* at ¶¶ 7, 9.) Upon information and belief, Mr. Mahfodh is currently in Africa and plans to remain there indefinitely. (*Id.* at ¶¶ 6-7.)

5. The United States District Court for the Western District of Kentucky is the proper district for removal from the Jefferson Circuit Court. 28 U.S.C. §§ 1441(a) and 1446(a). The Jefferson Circuit Court is located within the Western District of Kentucky, Louisville Division.

## II. DIVERSITY JURISDICTION

6. As explained in detail below, this Court has diversity jurisdiction over Plaintiff's State Court Action under 28 U.S.C. § 1332, because diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. Citizenship

7. Plaintiff Shani Rapp ("Plaintiff") was, at the time of the filing of this action, and still is, a citizen of the Commonwealth of Kentucky. (Compl. ¶ 1.)

8. ABTB is a foreign limited liability company with its principal office located at 245 Amity Road, Suite 200, Woodbridge, Connecticut, 06525. (Ex. C at ¶ 16.)

9. ABTB's sole members are Judd and Erica Wishnow and Orangewood Partners Limited. Judd and Erica Wishnow are citizens of Greenwich, Connecticut. Orangewood Partners Limited's principal office is in New York, New York, and its sole members, Alan and Neil Goldfarb, are citizens of New York. (Ex. C at ¶¶ 17-19.)

10. Mr. Mahfodh has not been served with the Complaint and Summons. Accordingly, his citizenship should not be considered when determining whether diversity jurisdiction exists.

11. As the Jefferson Circuit Court docket confirms, on or about October 18, 2021, the Jefferson Circuit Court clerk mailed a copy of the Summons and Complaint via certified mail to Mr. Mahfodh at 3520 Bardstown Road, Louisville, Kentucky, 40218. (Jefferson Circuit Court Docket, attached as Exhibit D.) The address of ABTB's Bashford Manor Taco Bell is 3520 Bardstown Road, Louisville, Kentucky, 40218. (Ex. C at ¶ 4.)

12. That certified mail letter arrived at ABTB's Bashford Manor Taco Bell on October 23, 2021. (Ex. C at ¶ 10; *see also* Affidavit of Babacar Diop, attached as Exhibit E, at ¶ 9.) The Return of Service filed with the Jefferson Circuit Court further shows that a copy of the Summons and Complaint was delivered to Louisville, Kentucky, 40218, on October 23, 2021, at 10:48 a.m. (Summons - Return of Service, attached as Exhibit F.)

13. Surveillance video from ABTB's Bashford Manor Taco Bell shows that on October 23, 2021, at 10:48 a.m., a postal worker delivered the certified mail letter to ABTB. (Ex. C at ¶ 10.) The video shows the postal worker scanning the certified letter for delivery and then leaving the letter on the ABTB counter. (*Id.* at ¶ 10.)

14. The surveillance video at ABTB's Bashford Manor Taco Bell shows that Mr. Mahfodh did not receive or sign for the certified mail package delivered on October 23, 2021. (*Id.* at ¶ 11; *see also* Ex. E at ¶ 10.) Instead, ABTB Assistant Manager Babacar Diop picked up the certified mail envelope addressed to Mr. Mahfodh and placed it in safe keeping. (Ex. E at ¶¶ 10-12.)

15. Mr. Mahfodh was not present at ABTB's Bashford Manor Taco Bell when the certified mail letter addressed to him was delivered on October 23, 2021. (Ex. C at ¶ 9; Ex. E at ¶¶ 8, 10.)

16. Mr. Mahfodh's last day working for ABTB was September 17, 2021. (Ex. C at ¶ 5.)

17. Mr. Mahfodh has not returned to work for ABTB since September 17, 2021. (*Id.* at ¶ 6.)

18. Before his last day working for ABTB, Mr. Mahfodh informed ABTB management that he was moving to Africa for an indefinite period of time. (*Id.* at ¶ 7.) Upon information and belief, Mr. Mahfodh remains in Africa as of this filing. (*Id.* at ¶¶ 6-7.)

19. Kentucky law provides that a defendant can be served (1) through personal delivery, to the defendant or his agent, by a person authorized to deliver service; or (2) by registered or certified mail, return receipt requested. Ky. R. Civ. P. 4.01(1)(b), 4.04(2). "Service by registered mail or certified mail is complete only upon delivery of the envelope. The return receipt shall be proof of the time, place, and manner of service." Ky. R. Civ. P. 4.01(1)(a). Process is effectively delivered to a person only when it is placed within his reach and he accepts it. *Fleishman v. Goodman*, 252 S.W.2d 691 (Ky. 1934).

20. Under Kentucky law, delivery by certified mail is accomplished only if the defendant, or his agent, personally signs for the letter when it arrives. *Treat v. Shedlofsky*, No. 3:10-CV-00745-R, 2012 WL 122561, at *5 (W.D. Ky. Jan. 17, 2012); *see also Fleet v. Commonwealth of Kentucky Cabinet for Health & Family Servs.*, No. 3:15-CV-00476-JHM, 2016 WL 1241540, at *7 (W.D. Ky. Mar. 28, 2016) (There is a lack of valid service where a return receipt is signed by someone other than the intended recipient or agent); *King v. Taylor*, 803 F. Supp. 2d 659, 668 (E.D. Ky. 2011) *rev'd on other grounds*, 694 F.3d 650 (6th Cir. 2012) (service of process was unquestionably defective where the plaintiff attempted to serve an individual by mail and it was signed for by a person that was neither the intended recipient nor agent thereof); *Douglas v. Univ. of Kentucky Hosp.*, No. 2006-CA-002149-MR, 2008 WL 2152209, at *3 (Ky. Ct. App. May 23, 2008) (court ruled there was no service where the signatory was not the intended recipient).

21. Mr. Mahfodh has not been served because he did not sign for or accept the certified mail package containing the Complaint and Summons that was sent to him at ABTB's Bashford Manor Taco Bell on October 23, 2021. (Ex. C at ¶¶ 6-11; Ex. D at ¶¶ 8-9.)

22. 28 U.S.C. § 1441 states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added).

23. Complete diversity of citizenship exists between the properly served parties, because Plaintiff and ABTB are citizens of different states.

24. Mr. Mahfodh has not been properly served, and therefore his inclusion as a defendant in this action "does not defeat removal under 28 U.S.C. § 1441(b)," even if he is a

5

Kentucky citizen. *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)").

**B. Amount in Controversy**

25. The amount in controversy is to be determined based on the Plaintiff's Complaint at the time the notice of removal is filed. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

26. Plaintiff's Complaint does not specify the amount in controversy. However, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiff's requested monetary damages are in excess of the jurisdictional amount necessary to establish diversity jurisdiction. When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

27. The Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Lindon v. Kakavand*, 2013 WL 5441981, at *6 (E.D. Ky. Sept. 27, 2013). Here, based on the nature of the claims alleged by Plaintiff, it is apparent from the face of the Complaint that the $75,000 amount in controversy requirement is satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (the court may look to the nature of the injuries alleged).

28. In her Complaint, Plaintiff alleges claims of wrongful discharge, sexual harassment, and retaliation, and seeks damages based on alleged violations of the Kentucky Civil Rights Act, KRS Chapter 344. (Compl. ¶¶ 5, 9, 13, 14, "Prayer for Relief" at p. 3.) Specifically, Plaintiff seeks (1) compensatory damages for lost wages and benefits; (2) emotional distress,

mental anguish, humiliation, and embarrassment damages; (3) attorney fees; and (4) costs incurred in prosecuting this action and interest. (Compl. at "Prayer for Relief" paragraph).

29. Without admitting any liability whatsoever, and the same being expressly denied, ABTB is informed and believes that if Plaintiff's claims were proven true, at the time of removal Plaintiff would be entitled to damages totaling over $75,000.

30. If successful on her wrongful discharge, sexual harassment, and retaliation claims, Plaintiff may recover actual damages, including damages for back pay, front pay, lost benefits, emotional distress damages, and attorney's fees. KRS § 344.450; *Meyers v. Chapman Printing Co.*, 840 S.W.2d 814, 817 (Ky. 1992). When determining the amount in controversy, courts have considered the amount of back pay actually sought, not just the back pay accrued at the time of filing. *See Weaver v. AT & T Corp.*, No. 10-146-C, 2010 WL 2521462, *2 (W.D. Ky. June 18, 2010) (collecting cases and denying remand after considering back pay beyond the time of removal); *see also Proctor v. Swifty Oil Co.*, 2012 U.S. Dist. LEXIS 141323 (W.D. Ky. 2012).

31. Plaintiff's employment ended on or about September 5, 2021. At the time her employment ended, Plaintiff was earning $12.00 per hour, and worked an average of 23 hours per week. (Ex. C at ¶ 20.) In this case, back pay would total more than $26,910 if trial occurs within 22.5 months of the filing of Plaintiff's lawsuit in Federal Court.[1] If Plaintiff also received front pay for five (5) years, and assuming she attempted to mitigate her damages, she could be entitled to an additional $71,760 in front pay. *See, e.g., West v. Tyson Foods, Inc.*, 374 Fed.Appx. 624, 641, 2010 WL 1507629, at *15 (6th Cir. 2010) (capping front pay award at five years, and awarding front pay in the amount of $63,322.87, where employee earned $9.50 at the time of termination and alleged constructive discharge and hostile work environment).

---

[1] See Table C-5 at https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2019/03/31 (last accessed November 16, 2021).

32. Therefore, even without factoring in Plaintiff's claims for attorneys' fees or emotional distress, the amount in controversy for Plaintiff's claims under KRS 344 exceeds $75,000.

33. Plaintiff's request for damages for emotional distress and statutory attorneys' fees may also be considered when determining the amount in controversy. *See* KRS § 344.050; *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). And ABTB is permitted to demonstrate the amount in controversy by introducing evidence of jury verdicts in cases where plaintiffs have alleged emotional distress, as Plaintiff does here. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2009). This evidence further demonstrates that Plaintiff's claim exceeds $75,000. *See, e.g.*, *Banker v. Univ. of Louisville Athletic Assoc., Inc.*, 466 S.W.3d 456, 464 (Ky. 2015) (upholding $300,000 emotional distress verdict for violation of the Kentucky Civil Rights Act); *Jansen v. Lake Cnty. Bd. or Comm'rs*, 1992 WL 455576 (N.D. Ind. March 1992) (awarding $570,000 to plaintiff claiming emotional distress after termination); *Mullen v. Griffin Indus., Inc.*, 2004 WL 4113917 (Ky. Aug. 2004) (awarding $120,752 to plaintiff claiming retaliation for filing a workers' compensation claim).

34. While ABTB specifically denies Plaintiff's claims and entitlement to any and all of the remedies demanded, based on the face of the Complaint, it is evident that Plaintiff's discrimination and retaliation claims could result in recovery beyond the jurisdictional threshold. Specifically, Plaintiff's claims could lead to recovery for backpay, front pay, unpaid wages, and emotional distress damages. *Spence v. Centerplate*, 931 F. Supp. 2d 779 (W.D. Ky. 2013) (holding that the defendant "established that Plaintiff's claims could exceed the amount in controversy" when it showed that the plaintiff could recover up to $17,540 in back pay, $35,100 in future wages, damages for humiliation and emotional distress, and punitive damages).

35. Based on these combined damages, ABTB has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.

### III. TIMELINESS OF REMOVAL

36. This Notice of Removal is timely filed.

37. Plaintiff filed the Complaint on October 18, 2021. ABTB was served with the Summons and Complaint on or about October 22, 2021. (*See* Ex. A; Ex. D.)

38. ABTB now files this Notice of Removal within 30 days of receiving service of the Summons and Complaint, and within one year of the date on which the Complaint was filed.

39. For all of the foregoing reasons, this Court has jurisdiction over this lawsuit. 28 U.S.C. § 1332.

40. Therefore, ABTB respectfully removes to this Court Plaintiff's action now pending in the Jefferson Circuit Court in Louisville, Jefferson County, Kentucky.

41. ABTB respectfully requests the opportunity to further brief and argue this removal should Plaintiff file a motion to remand.

42. ABTB's Corporate Disclosure statement is filed herewith as Exhibit G.

PLEASE TAKE FURTHER NOTICE that Defendant ABTB, upon filing this Notice of Removal with the Clerk of the U.S. District Court for the Western District of Kentucky, has served the Notice of Removal on counsel for Plaintiff on the date set forth in the attached Certificate of Service, and has also filed a copy of this Notice of Removal with the Clerk of the Meade Circuit Court, to effect removal of this action to this Court, pursuant to 28 U.S.C. § 1446(d).

                                            Respectfully submitted,

                                            */s/ Irina V. Strelkova*
                                            Jennifer L. Bame
                                            jbame@fbtlaw.com
                                            Irina V. Strelkova
                                            istrelkova@fbtlaw.com
                                            FROST BROWN TODD LLC
                                            400 West Market Street, Suite 3200
                                            Louisville, Kentucky 40202-3363
                                            Tel:    (502) 589-5400
                                            Fax:   (502) 581-1087
                                            *Counsel for Defendant ABTB*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of November 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Kurt A. Scharfenberger
9000 Wessex Place, Suite 204
Louisville, Kentucky 40222
(502) 561-0777 (phone)
(502) 236-0888 (fax)
Counsel for Plaintiff

                                            */s/ Irina V. Strelkova*
                                            *Counsel for Defendant ABTB*

0134251.0750628   4859-3173-5811v3